# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONNIE TROXELL,                     :
                                    :
          Plaintiff,                :
                                    :
    v.                              :
                                    :        CIVIL ACTION No. 21-5152
MARTIN O'MALLEY[1]                  :
Commissioner of Social Security,    :
                                    :
          Defendant.                :
                                    :

## MEMORANDUM OPINION

**RICHARD A. LLORET**                              **March 18, 2024**
**U.S. MAGISTRATE JUDGE**

Plaintiff Connie Troxell was partially denied social security benefits by the decision of an Administrative Law Judge ("ALJ").[2] Ms. Troxell appealed, contending that the ALJ's partially unfavorable decision was reached in error. While Ms. Troxell's request for review was pending, the Third Circuit issued its precedential decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), holding that Social Security claimants are not required to raise Appointments Clause challenges in the administrative agency proceedings before presenting them in federal court. In light of the *Cirko* decision, I recommended that Ms. Troxell's case be remanded for a new hearing before a properly appointed ALJ. *Troxell v. Saul*, No. 18-1793

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The ALJ found that Ms. Troxell was not disabled from her alleged onset date through December 31, 2016. *See* 22–24. However, once Ms. Troxell's age category changed, the ALJ concluded that there were no longer any jobs that existed in significant numbers in the national economy that she could perform, and she therefore became disabled. *See id.*

(E.D. Pa. Feb. 28, 2020) (Lloret, J.) (*Troxell I*). On July 13, 2020, the Honorable
Mitchell S. Goldberg adopted my report and recommendation and remanded the case
for further proceedings. *Troxell v. Saul*, No. 18-1793 (E.D. Pa. Jul. 13, 2020)
(Goldberg, J.) (*Troxell II*).

Ms. Troxel returns, after remand proceedings, raising three issues for my review:
(1) whether remand is required because the ALJ failed to discuss treating source medical
opinions that restricted Plaintiff to sedentary work; (2) whether remand is required
because the appointment of Andrew Saul as a single Commissioner of the SSA who is
removable only for cause and serves a longer term than that of the President violates
separation of powers, and accordingly, the decision in this case, by an ALJ who derived
her authority from Mr. Saul, is constitutionally defective; and (3) whether the ALJ and
Appeals Council Judges had no legal authority to adjudicate this case because they were
not properly appointed. Doc. No. 6, at 13–19 ("Pl. Br."); *see also* Doc. No. 8
("Pl. Reply"). The Commissioner of Social Security ("Commissioner") responds that the
ALJ's decision was supported by substantial evidence, Plaintiff's separation of powers
argument does not entitle her to a rehearing, and the ALJ and Appeals Council Judges
have legal authority to adjudicate Plaintiff's claim. Doc. No. 7, at 2–27 ("Com. Resp.").

Because I find that the ALJ failed to properly weigh the treating sources' records
and opinions, and because I find that a second remand would serve no further purpose,
as the parties disagree only over whether Ms. Troxell should receive benefits between
her onset date and December 31, 2016, and the record is complete, I will enter an award
of benefits. Plaintiff's two additional issues are rendered moot in light of the award of
benefits on the first issue.

## I.    PROCEDURAL HISTORY

Ms. Troxell filed a claim for social security benefits, on November 20, 2014. *See* R. 63–71. She alleged disability based on thyroid conditions, recurring bronchitis, residual conditions from surgery, use of a cane, and a broken right ankle that has plates, screws, and bone filler, with an onset date of September 30, 2012. *Id.* Her claim was initially denied on April 21, 2015. R. 76–80. Ms. Troxell subsequently requested an administrative hearing. The hearing was held on February 23, 2017, where Ms. Troxell and a vocational expert, Vanessa J. Ennis, testified. R. 29–62 (initial hearing transcript). Following the hearing, on May 10, 2017, the ALJ issued a written decision, granting benefits beginning on December 31, 2016, but denying benefits from September 30, 2012 to December 30, 2016. R. 10–28. The Appeals Council subsequently denied Ms. Troxell's request for review. R. 1–5.

Plaintiff appealed to this court. *Troxell v. Saul*, No. 18-1793 ECF Doc. No. 2. The case was remanded for further administrative proceedings. R. 737–758. A remand hearing was held on April 27, 2021 before a different ALJ, Vivian McAneney (R. 685–709; Hearing transcript). ALJ McAneney entered a Partially Favorable Decision on May 26, 2021, ruling Plaintiff was disabled beginning on December 31, 2016, but was not disabled between September 30, 2012 and December 30, 2016. R. 662–684. Plaintiff requested review by the Appeals Council. R. 919–922. On September 24, 2021, the Appeals Council denied Plaintiff's request for review. R. 655–661.

Plaintiff filed this action on November 21, 2021. ECF Doc. No. 1. She filed her initial brief and statement of issues on April 11, 2022. *See* Pl. Br. The Acting Commissioner responded on May 10, 2022. *See* Com. Resp. Plaintiff filed a reply brief on May 19, 2022. *See* Pl. Reply.

### III.    STANDARD OF REVIEW

Ms. Troxell has the burden of showing that the ALJ's decision was not based on "substantial evidence." 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence" is not a high standard. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations and internal quotations omitted).

I exercise "plenary review over questions of law." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (citation omitted). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984); *see also Trinh v. Astrue*, 900 F. Supp. 2d 515, 518 (3d Cir. 2012) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)). Accordingly, I can overturn an ALJ's decision based on a harmful legal error even when I find that the decision is supported by substantial evidence. *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983).

An ALJ must provide sufficient detail in her opinion to permit meaningful judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000). When dealing with conflicting medical evidence, the ALJ must describe the evidence and explain her resolution of the conflict. As the Court of Appeals observed in *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999),

> when a conflict in the evidence exists, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala,* 994 F.2d 1058, 1066 (3d Cir. 1993). The ALJ must consider all

the evidence and give some reason for discounting the evidence [she] rejects. *See Stewart v. Sec'y of H.E.W.,* 714 F.2d 287, 290 (3d Cir.1983).

While it is error for an ALJ to fail "to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination," *Burnett*, 220 F.3d at 121, an ALJ's decision is to be "read as a whole." *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004); *Caruso v. Comm'r. of Soc. Sec.*, 99 Fed. App'x. 376, 379–80 (3d Cir. 2004) (examination of the opinion as a whole permitted "the meaningful review required by *Burnett,*" and a finding that the "ALJ's conclusions [were] . . . supported by substantial evidence."). The issue is whether, by reading the ALJ's opinion as a whole against the record, the reviewing court can understand why the ALJ came to her decision and identify substantial evidence in the record supporting the decision. *Id.* at 379. I must rely on the record developed during the administrative proceedings along with the pleadings in making my determination. *Trinh*, 900 F.Supp.2d at 518; *see also* 42 U.S.C. § 405(g). I may not weigh the evidence or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). I must also defer to the ALJ's evaluation of evidence, assessment of the witnesses, and reconciliation of conflicting expert opinions. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009).

## II.    DISCUSSION

Ms. Troxell was 50 years old on her alleged onset date of September 30, 2012. R. 144. Ms. Troxell worked for a number of years in residential and commercial construction, prior to a fall at work that resulted in a broken ankle. R. 704, 672. Ms. Troxell met the insured status requirements of the Social Security Act through December 31, 2020. R. 669. Since her fall and broken ankle, Plaintiff has not engaged in

any substantial gainful activity. *Id*. The ALJ found Ms. Troxell had severe impairments of residuals of right ankle fracture post-ORIF surgery; osteoarthritis; plantar fasciitis; contracture of Achilles tendon; chronic obstructive pulmonary disease (COPD); obstructive sleep apnea; and peripheral vascular disease. R. 670. The ALJ also acknowledged that a number of Plaintiff's severe impairments are worsened due to Plaintiff's obesity.[3] The ALJ stated,

> The claimant's musculoskeletal impairments have been exacerbated by the complicating effects of obesity. Examination revealed a body mass index of 35.97 kg/m2 in October 2015 and 41.82 kg/m2 in December 2015 (Exhibits 9F/2; 13F/27). She continued to become more obese with a BMI of 52.9 in December of 2020 (Exhibit 17F). The undersigned understands that the exacerbating effects of her obesity have likely increased along with her weight.

R. 673. Nevertheless, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform "light work," as defined in 20 C.F.R. § 404.1567(b), except: (1) Plaintiff would be limited to stand and walk for a total of four hours per workday, with the option to alternate between sitting and standing at her discretion at the work station; (2) occasionally push, pull, or use foot controls with the right lower extremity; (3) occasional postural activities except—no crawling or climbing of ladders, ropes, or scaffolds; (4) occasional exposure to extreme cold and vibration; and (5) must avoid concentrated exposure to respiratory irritants and hazards. R. 671.

The ALJ ruled at step four[4] that Plaintiff could not perform her past relevant work as a construction supervisor, labor gang, supervisor of painting, and drywall applicator. R. 676. At step five, the ALJ found that, prior to December 31, 2016, the day

---

[3] Plaintiff is five feet, three inches tall, and at the time of the hearing, she weighed 300 pounds.

[4] The ALJ performed the five-step analysis required under the regulations. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–03 (3d Cir. 2019).

before Plaintiff's 55th birthday, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform occupations existing in significant numbers in the national economy. R. 676–77. Therefore, the ALJ ruled Ms. Troxell was not under a disability between September 30, 2012, and December 31, 2016. R. 677.

**A.  The ALJ's decision was not based on substantial evidence.**

Plaintiff first alleges that the ALJ failed to discuss treating source medical opinions that restricted Plaintiff to sedentary work, and thus contradicted the ALJ's finding that Plaintiff was capable of performing light work until December 31, 2016. Pl. Br. at 13–15. The Commissioner responds that the ALJ sufficiently discussed the opinions because "although he (sic) did not mention Dr. Cooper by name, the ALJ cited directly to Dr. Cooper's treatment notes in his (sic) decision." The Acting Commissioner concedes that the ALJ "only briefly referred to the opinion of Robert W. Mauthe, M.D." Com. Resp. at 21. The Acting Commissioner then argues that the ALJ's omission was harmless error, because the opinions only stated that Plaintiff could do "sedentary work," which is not a medical opinion. *Id*. at 21–22.

Plaintiff replies that the error acknowledged by the Acting Commissioner is not harmless. Pl. Reply at 1–2. Dr. Cooper did not inappropriately utilize the term "sedentary" in his opinion, but rather stated in his notes, "I doubt [Plaintiff] would be able to get back to her previous level of full standing work," R. 302, acknowledging that his recommended sedentary work limitation directly related to the fact that Ms. Troxell would have trouble standing due to the ankle injury that the surgeon had, at that point, been treating for some time. Pl. Reply. at 2. Plaintiff argues that the Acting Commissioner attempts to provide the discussion that the ALJ omitted in her opinion, which is improper. *Id*. I agree.

The ALJ did not merely discount the opinions of Ms. Troxell's two main physicians, Dr. Cooper, her orthopedic surgeon who performed surgery on her ankle, and Dr. Mauthe (whose name the ALJ misspells in the one place she mentions him), the pain specialist that Dr. Cooper referred Ms. Troxell to in an attempt to get her some relief. The ALJ never mentions those opinions at all. R. 672–675.

Based on the regulations then in effect,[5] it is well-settled that an ALJ should give "treating physicians' reports great weight, 'especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Brownawell v. Comm'r. of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) and *Plummer*, 186 F.3d at 429.) Contradictory evidence is required in order for an ALJ to reject a treating physician's opinion outright. *Id*. Here, not one, but two treating specialists considered Ms. Troxell incapable of standing for any meaningful period of time due to her health conditions. Those opinions were supported by treatment notes of multiple years duration.

Indeed, pursuant to the Social Security Regulations in effect at the time of Ms. Troxell's injury and claim, the ALJ must assign controlling weight to any well-supported treating source medical opinion unless the ALJ identifies substantial inconsistent evidence. *See* 20 C.F.R. § 404.1527(c)(2). The Third Circuit has consistently held, pursuant to those regulations, that lay reinterpretation of medical evidence is not substantial evidence to decline to adopt a treating source medical opinion. *Burns v. Colvin*, No. 14-1925, 2016 WL 147269 (M.D. Pa. Jan. 13, 2016) (internal citations

---

[5] *Compare* 20 C.F.R. § 404.1520c(a) (new regulation) *with* § 404.1527 (c)(2) (old regulation).

omitted). The Regulations retained, rather than abrogated, this precedent. *Id*. Thus, the ALJ may not assign less than controlling weight to a well-supported treating source medical opinion by relying on lay reinterpretation of medical evidence.

The ALJ rejected the majority of the two treating physicians' opinions in favor of giving "partial weight" to Dr. Wander, who merely reviewed Ms. Troxell's record and found her capable of a range of light work; Dr. Zimba, who conducted a single consultative examination in April 2015; and an unnamed evaluator who provided a functional capacity evaluation for Ms. Troxell's worker's compensation claim, in March 2014. None of these individuals were orthopedists or pain specialists.

The ALJ did not have substantial evidence in the form of a physician's opinion, or records from another orthopedic surgeon or pain specialist, that contradicted Dr. Cooper's and Dr. Mauthe's opinions with respect to Ms. Troxell's ability to stand for more than a few minutes on her severely damaged ankle, especially in light of her other severe impairments including COPD and obesity. There is only one doctor in this record who treated Ms. Troxell's ankle, and he is the only doctor who offered an opinion with respect to that condition. Rejecting his opinion, when there was no other opinion in the record to contradict it, was error. The Third Circuit rejected such action on the part of the ALJ in *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988):

> Here three treating physicians, crediting Frankenfield's subjective complaints, which are consistent with the tests they conducted, determined that he is disabled. The Secretary cannot reject those medical determinations simply by having the administrative law judge make a different medical judgment. Rather, the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence. *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir. 1979). The administrative law judge refers to no such evidence.

The Commissioner ignores this requirement and argues that the ALJ's RFC assessment "is supported by substantial evidence including treating source observations, medical signs, and laboratory findings." Com. Resp. at 23 (citing R. 675). This argument does not resolve the fact that the ALJ simply ignored two treating physicians' opinions with respect to Ms. Troxell's ability to work.

"In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317–18 (3d Cir. 2000) (citations omitted). The opinions of Drs. Cooper and Mauthe regarding Ms. Troxell's ability to stand should have been acknowledged and discussed in the ALJ's decision. Instead, the ALJ substituted her lay opinion for that of Ms. Troxell's treating physician, making speculative inferences on the basis of isolated references to Ms. Troxell having the ability to "manage her personal care independently, prepare meals, drive, and shop in stores." R. 674. The ALJ substituted her own speculation for that of the treating physicians. This was error.

Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence. *Podedworney v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984) (citing *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1155 (3d Cir.1983)). Here, the two experts, both Dr. Cooper and Dr. Mauthe, agreed— Ms. Troxell cannot stand or walk for more than four hours in an eight-hour workday. R. 74, 333. Yet the hypothetical question posed to the VE asked if the individual could "perform work at the light exertional level" with other limitations not relating to

standing or walking. The Social Security Regulations unequivocally state that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 at 4. The Social Security regulations define "light work" as follows:

> A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.*

20 C.F.R. § 416.967(b), Physical exertion requirements (emphasis added).

Here, the ALJ made the following alteration to the definition of "light work" in order to make the category fit the Plaintiff:

> After careful consideration of the entire record, the undersigned finds that since September 30, 2012, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except standing and walking is limited to a total of four hours standing and walking; the option the alternate (sic) between sitting and standing at the individual's discretion at the work station; occasionally push, pull or use foot controls with the right lower extremity; occasional postural activities except for no crawling, or climbing of ladders, ropes or scaffolds; occasional exposure to extreme cold and vibration, and must avoid concentrated exposure to respiratory irritants and hazards.

R. 671. In creating this RFC, the ALJ simply ignored the SSA definition of light work, as well as ignoring the severe swelling in Plaintiff's legs, which was well documented in the record and mentioned in the ALJ's opinion (R. 672), that requires Plaintiff to lie down several times each day and elevate her legs above her heart. A mere option to alternate between sitting and standing does not take this very real limitation into account. This error was not harmless.

**B.      The Commissioner's Final Decision Is Reversed and This Matter Remanded with Direction to Award Benefits.**

Because the ALJ committed reversible error in her decision, the question remains whether I should award benefits or remand the case for further proceedings. As detailed above, the ALJ improperly ignored the opinions of two treating physicians that Ms. Troxell was unable to stand for more than a few minutes, precluding the ability to perform work at the light exertion level. Having no contradictory evidence from any other treating physician that conflicted with the treating physicians' opinion, the ALJ improperly relied on her own lay judgment and applied the wrong legal criteria when analyzing the evidence and the opinions of these physicians. Therefore, the decision was a product of harmful legal error, unsupported by substantial evidence, and should be reversed.

Ms. Troxell was awarded benefits as of December 31, 2016. It is only the period between September 12, 2012 and December 31, 2016 that is at issue. The Court of Appeals for the Third Circuit has instructed that "[t]he decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworney*, 745 F.2d at 221–22; *see Morales,* 225 F.3d at 320. The record has been fully developed in this case, through two rounds of appeal. I have explained what the record reveals about Ms. Troxell's medical conditions. The question now is who shall bear the burden of the ALJ's legal errors. I conclude it should be the Commissioner, not Ms. Troxell.

The Court of Appeals has held that where there has been inordinate delay, coupled with an existing record that contains substantial evidence supporting a finding

of disability, a reversal with direction to award benefits is appropriate, rather than a remand for further proceedings. *See Morales*, 225 F.3d at 320 (awarding benefits where the case had suffered considerable inexplicable delays not attributable to claimant, the record was unlikely to change, and there was substantial evidence in record to support claim). The Court of Appeals had this to say, in a similar context:

> The Secretary, in effect, asks this court for a second chance to prove his case . . . We see no reason, however, why the Secretary should be afforded such an additional opportunity. This is not a case where, for example, the legal standard was unclear . . . or the Secretary did not have an opportunity to consider a new policy. . . . The Secretary was given full opportunity to develop the administrative record in this case. . . .  Where as here the claimant established a *prima facia* case of entitlement, the record was fully developed, and there is no good cause for the Secretary's failure to adduce all the relevant evidence in the prior proceeding, we see no reason to remand for further fact finding.

*Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989). A remand in this case would afford the Commissioner a third "chance to prove [his] case." *Id.* There are good reasons not to extend the Commissioner yet another bite at the apple. There is nothing to suggest that a remand would serve to fill in a substantial hole in the medical records. *See Morales*, 225 F.3d at 320.

Ms. Troxell filed her claim in 2014, ten years ago. She appealed the first unfavorable opinion, and the case was remanded by the district court for review by a different, properly appointed, ALJ. On remand, the second ALJ ignored the only opinions in the record offered by the Plaintiff's treating physicians, reaching her conclusions without discussing at all the extensive notes of the doctors who treated Ms. Troxell's ankle and the resultant pain it caused.

As in *Allen,* "[t]his is not a case where, for example, the legal standard was unclear . . . or the Secretary did not have an opportunity to consider a new policy[.]"

*Allen*, 881 F.2d at 44. Rather, "[t]he Secretary was given full opportunity to develop the administrative record in this case[.]" *Id.* Despite this opportunity, "[t]he ALJ . . . avoided a decision in [the claimant's] favor only by effectively bypassing the issue concerning the effects of the [] impairment." *Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1162–63 (3d Cir. 1988). As in *Allen*, I "see no reason to remand for further fact finding." *Allen*, 881 F.2d at 44. I "conclude that this is an appropriate case for the exercise of [the] prerogative to direct an award of benefits." *Woody*, 859 F.2d at 1163.

I reverse and direct an award of benefits.

## **CONCLUSION**

Based upon the above, I will grant Ms. Troxell's Request for Review and grant benefits, as nothing will be accomplished by sending this matter back for a third round before an ALJ.

**BY THE COURT:**


    *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**